UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALBERT B. ZUNIGA,

    Petitioner,

v.

KING COUNTY SHERIFF'S OFFICE,

    Respondent.

Case No. C22-48-JLR-MLP

REPORT AND RECOMMENDATION

Petitioner Albert B. Zuniga, proceeding *pro se* and *in forma pauperis*, is currently confined at the King County Jail in Seattle, Washington, where he is awaiting trial on hate crime charges pursuant to RCW 9A.36.080 and property destruction charges. On February 18, 2022, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. # 9.) Petitioner's petition, though unclear, appears to assert that the King County Sherriff's Office ("KCSO") violated his Eighth Amendment rights due to a "fraudulent arrest" and "illegal incarceration" that came about through the KCSO's alleged use of a professional actor to initiate a fight with Petitioner and to capture it on video. (*See* dkt. # 9-1 at 3-4.) Petitioner further appears to assert First Amendment claims pertaining to his denial of law library access while incarcerated at the King County Jail, and to assert that the KCSO has otherwise conspired with

REPORT AND RECOMMENDATION - 1

the Seattle Police Department and/or Seattle Fire Department to incarcerate, harm, and harass him since 2019 as a result of a murder coverup that occurred in Texas. (*Id.*)

In this case, to the extent Petitioner attempts to raise First and Eighth Amendment claims pertaining to how his arrest was effectuated by the KCSO and his access to a law library, his claims are more properly raised in an action under 42 U.S.C. § 1983. On this aspect, the Court notes that Petitioner has a pending and concurrent § 1983 civil rights action in this district that appears to assert *inter alia* Eighth Amendment claims against the KCSO and the Seattle Police Department, which also takes into consideration an alleged murder coverup of Petitioner that occurred in Texas. *See Zuniga v. Schenck, et al.*, C22-47-TL-SKV, dkt. # 9-1 at 5-9. Such claims should not be duplicated or allowed to proceed here.

To the extent Petitioner's claims pertain to his current charges, it appears that resolution of those claims would require this Court to become involved in his ongoing state court criminal proceedings. Federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam); s*ee also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). Here, Petitioner's habeas petition fails to allege any extraordinary circumstances that would justify this Court's intervention in his ongoing state court criminal proceedings. Moreover, as explained above, it appears more appropriate that Petitioner's claims against the KCSO be considered in his concurrent § 1983 action.

REPORT AND RECOMMENDATION - 2

Because Petitioner has not identified any viable claim for relief in his habeas petition, the Court recommends that his federal habeas petition be denied (dkt. # 9) and that this action be dismissed without prejudice. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 18, 2022**.

The Clerk is directed to send copies of this order to Petitioner and to the Honorable James L. Robart.

Dated this 22nd day of February, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3