UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALBERT B. ZUNIGA,

                              Petitioner,

            v.

KING COUNTY SHERIFF'S
OFFICE,

                              Respondent.

CASE NO. C22-0048JLR

ORDER ADOPTING REPORT
AND RECOMMENDATION

Before the court is United States Magistrate Judge Michelle L. Peterson's report and recommendation ("R&R") (R&R (Dkt. # 12)) and Petitioner Albert B. Zuniga's objections thereto (Obj. (Dkt. # 14)).  Having carefully reviewed the foregoing, all other relevant documents, and the applicable law, the court ADOPTS the Report and Recommendation (Dkt. # 12) and DISMISSES Mr. Zuniga's petition for a writ of habeas corpus against Respondent King County Sheriff's Office ("KSCO") without prejudice and without leave to amend.

1      A district court has jurisdiction to review a Magistrate Judge's report and

2  recommendation on dispositive matters.  Fed. R. Civ. P. 72(b).  "The district judge must

3  determine de novo any part of the magistrate judge's disposition that has been properly

4  objected to."  *Id.*  "A judge of the court may accept, reject, or modify, in whole or in part,

5  the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

6  The court reviews de novo those portions of the report and recommendation to which a

7  party makes a specific written objection.  *United States v. Reyna-Tapia*, 328 F.3d 1114,

8  1121 (9th Cir. 2003) (en banc).  "The statute makes it clear that the district judge must

9  review the magistrate judge's findings and recommendations de novo if objection is

10  made, but not otherwise."  *Id.*

11      Magistrate Judge Peterson recommends denying the habeas petition and

12  dismissing the action because Mr. Zuniga attempts to raise constitutional claims that "are

13  more properly raised in an action under 42 U.S.C. § 1983," such as the one he has

14  pending in this district, which covers similar ground.  (*See* R&R at 2 (citing Proposed

15  Compl., *Zuniga v. Schenck, et al.*, C22-0047TL-SKV (Dkt. # 9-1).)  Other claims Mr.

16  Zuniga attempts to raise pertain to his ongoing state court criminal proceedings.  (*See id.*)

17  Magistrate Judge Peterson recommends denying Mr. Zuniga's petition and dismissing

18  this matter as to those claims because deciding them would require the court to interfere

19  in the state court criminal proceedings, which federal courts decline to do "absent

20  extraordinary circumstances."  (*See id.* (citing *Younger v. Harris*, 401 U.S. 37 (1971).)

21  Magistrate Judge Peterson did not find that Mr. Zuniga alleged such extraordinary

22  circumstances.  (*Id.*)

1    The court has reviewed Mr. Zuniga's petition for writ of habeas corpus (Pet. (Dkt.

2    # 11)), the Report and Recommendation, Mr. Zuniga's objections, and his "motion for

3    further consideration and clarification of Defendants' alleged misconduct," which the

4    court construes as supplemental memorandum in support of his objections (*see* Suppl.

5    Mem. (Dkt. # 17)).  Mr. Zuniga's submissions are difficult to parse but he appears to

6    raise only one objection to dismissal that was not addressed by the reasoning contained in

7    Magistrate Judge Peterson's Report and Recommendation.  Specifically, Mr. Zuniga

8    contends that Magistrate Judge Peterson "misconstrue[ed] his [constitutional] claims" as

9    relating only to the First, Fifth, Sixth, and Eighth Amendments when he intended to

10   allege violations of each and every Amendment to the U.S. Constitution.  (*See* Obj. at 6.)

11   Thus, the court reviews de novo Mr. Zuniga's constitutional claims and his objection that

12   they were misconstrued by Magistrate Judge Peterson.  (Obj. at 6); *see Reyna-Tapia*, 328

13   F.3d at 1121.

14   Contrary to Mr. Zuniga's summation, Magistrate Judge Peterson construed his

15   habeas petition as raising only "First and Eighth Amendment claims."  (*See* R&R at 2.)

16   Liberally construed, however, Mr. Zuniga may have also meant to allege violations of the

17   Fourth and Fourteenth Amendments.  (*See* Pet. 3-4 (alleging a "fraudulent arrest, staged

18   set-up," "illegal incarceration," and "prosecutorial misconduct, vindictive prosecution,

19   and malicious prosecution").)  To the extent Mr. Zuniga intended to allege violations of

20   other constitutional provisions, he failed to do so in his petition (*see id.*) and he may not

21   assert those claims now because "[i]ssues raised for the first time in objections to the

22   magistrate judge's recommendation are deemed waived."  *Williams v. Ryan*, No. CV-18-

1  00349-TUC-RM, 2019 WL 4750235, at *5 (D. Ariz. Sept. 30, 2019) (quoting *Marshall v.*

2  *Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)) (internal quotation marks omitted).

3  Regardless of which constitutional provisions Mr. Zuniga intended to seek relief

4  under, however, any such claim fails for the reason articulated by Magistrate Judge

5  Peterson with respect to his First and Eighth Amendment claims:  they are more properly

6  raised in the separately filed civil rights action he has pending in this district.  (*See* R&R

7  at 2; *see also* Proposed Compl. (alleging constitutional violations by KSCO and other

8  defendants).)  Mr. Zuniga's constitutional claims also fail for the independent reason that

9  he alleges no supporting facts in his petition that raise his "right to relief above the

10  speculative level."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Indeed,

11  the few allegations Mr. Zuniga does include are the sort of "unadorned, the-defendant-

12  unlawfully-harmed-me accusation[s]" that do not suffice to state a claim for relief.  *See*

13  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

14  Further, Mr. Zuniga does not raise specific objection to Magistrate Judge

15  Peterson's recommendation for dismissal based on the overlap between his petition and

16  his ongoing criminal proceedings in state court.  (*See generally* Obj.; *see also* R&R at 2.)

17  Thus, the court need not review Magistrate Judge Peterson's recommendation for

18  dismissal on that basis de novo.  *See Reyna-Tapia*, 328 F.3d at 1121.  After examining

19  the record, the court finds Magistrate Judge Peterson's reasoning persuasive on that point.

20  (*See* R&R at 2).  Mr. Zuniga will not be able to cure this deficiency, or the other grounds

21  for dismissal identified by Magistrate Judge Peterson and adopted by the court, by

22  alleging additional facts.  Thus, the court finds that amendment would be futile and that

1   Mr. Zuniga's petition should be DISMISSED without prejudice but without leave to

2   amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (noting leave to amend

3   need not be granted when "'the pleading could not possibly be cured by the allegation of

4   other facts'" (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995))); *see also*

5   Fed. R. Civ. P. 15(a)(2) (requiring that leave to amend be "freely give[n]" only "when

6   justice so requires").

7          For the foregoing reasons, the court ADOPTS the Report and Recommendation

8   (Dkt. # 12) in its entirety.  Mr. Zuniga's habeas petition (Dkt. # 11) is DENIED, and this

9   action is DISMISSED without prejudice but without leave to amend.  Because the court

10   dismisses this action, all of Mr. Zuniga's pending motions—including his motions for

11   extradition to Russia (Dkt. # 13); to seal his habeas petition (Dkt. # 15); regarding

12   transfer to a Washington State hospital (Dkt. # 16); and to incorporate by reference the

13   records from specified cases in the Fifth Circuit (Dkt. # 19)—are DENIED as moot.  The

14   Clerk is DIRECTED not to accept further filings from Mr. Zuniga other than a notice of

15   appeal.

16          Dated this 28th day of March, 2022.

17

18                                                    _____

19                                                    JAMES L. ROBART
                                                     United States District Judge
20

21

22